case for argument this morning is United States against Peters. Mr. Hillis. Mr. Hillis, you are muted. Bigger pardon, Judge. Mr. Ellis. Thank you. May it please the court counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office, and I represent Mr. Peters. Mr. Peters raises one issue on appeal, and that is the district court erred here by imposing what it called the almost default punishment of lifetime supervision and not then setting any sunset provisions for the many onerous conditions of supervised release that are included in the judgment of those conditions district court imposed. So of course, a district court is not entitled to a presumptive punishment. Law does not allow that. We've cited authority that when a district court does accept that there's a presumptive punishment, it states that it is to be imposed. But that is an error that warrants vacating the sentence demanding, and we've cited the Ross Cookler or Coochler case is from the Second Circuit, Ross from the Seventh Circuit and the Fraga and Alvarado cases from the Fifth Circuit. Now, the Fraga and Alvarado cases are cases that judge had a policy district court had a policy essentially of imposing lifetime supervision release and the Fifth Circuit vacated those sentences and demanded. Here we have something that's a little different where the judge calls it almost the default, but that's not much of it. And in fact, the judge is still essentially engaging in a presumptive punishment. The guidelines have a range for punishment. Five years supervised release, a lifetime supervised release, and there is no presumptive punishment. And even if there are factors that may support imposition of lifetime supervised release, once the judge makes the error of saying that there's a presumptive punishment, then the reasons that the judge might give factors that may support that determination of lifetime supervision are not enough to overcome the error that the judge has already committed because he's demonstrated commitment to a presumptive punishment when there is an error. So that's an essential problem here in this case. Do you agree, Mr. Hillis, that the district court judge here did go on to give specific tailored reasons as to your client and why a lifetime of supervised release was appropriate under the 3553A factors? He said things, Judge, but in our view that's not enough to remedy the error that already occurred. And furthermore, the judge didn't consider all the necessary information because he didn't especially account for my client's receptiveness towards any treatment that he might get. And the report from the expert was unrebutted. The government didn't have an expert. Of course, my client did have an expert showing his amenability to treatment. But Judge Zaney, the fundamental problem, of course, is the error. And under the case law, Ross in particular, that error isn't undone by the judge then regrouping and pointing to factors that may have otherwise supported the decision because he's already committed an essential error by demonstrating an attachment to a presumptive punishment when there isn't. So it's not a question of like a mandatory minimum. This is a fairly expansive range, five years to lifetime supervision. And the judge would have to say something other than this. He couldn't have this misstep, this fumble, and then regroup as he did to point to statutory factors. Under Ross, that error that he committed is the essential thing. And the government hasn't put forth a harmless error contention in this case. And the case law, I don't think, would support it anyway that we just mentioned. Moving then to the Quinn issue. We've cited the government sort of cast doubt on us. It tries to by saying that Quinn perceived habits. But there's nothing in Quinn that's been overruled by any subsequent panel of this court, no later opinion by any. Quinn is important because Quinn says there should be a balanced structure. The district court should consider when imposing a very long period of supervised release, then what conditions should also be attendant to the term of supervision. And those conditions should be balanced then appropriately. And sunset provisions are warranted when the conditions are especially onerous. Mr. Hillis, do you agree that that argument was not raised before the district court judge? It was Quinn was not cited judge. The argument though is not something that needed to be raised. And so this is again, a procedural error. Why didn't you need to raise the argument that the nature of the conditions should have resulted in a shorter supervised release? Well, I need to backtrack slightly. So when my client asks for 15 years of supervision, I should be more careful. My client's lawyer asked for 15 years of supervision. And the judge decides to impose lifetime supervised release. It's not on the judge to strike the balance under Quinn to say why it is in rejecting the shorter period of supervision that he should also then impose all of the conditions that are extremely onerous. So it was for the judge then to engage in that necessary balance under Quinn and the judge didn't do that. Why isn't it for your client to raise so the judge can address specifically your particular argument here that given the onerous burden these conditions are imposing that a shorter period is appropriate? Well, that's not raised before the court. It seems you forfeited it. Well, if it's forfeiture, then we've addressed the plain error factors in the case. And we think that even under a plain error analysis, we would prevail. But we think that it would be appropriate to use de novo review because this is a procedural error at sentencing. And I think the facts would suggest that once you ask for a shorter term of supervised release and agree to the onerous conditions that when the judge says I reject the long request for the shorter period, I'm going to still impose all the onerous conditions that it is incumbent on the judge at that point under Quinn to make the balancing determinations. It is nothing further for my client to do to say that these conditions that we would otherwise have agreed to there's a shorter term of supervision, all that needs to be done has been done. So there is no waiver, of course, but if there is a matter of plain error, I believe that we've established this. So Judge Gorsuch's decision in Haman talks about conditions being the sort of damocles that hangs over a person's head every day they're unsupervised release should they violate a condition they go back to prison. Pruden from the Third Circuit talks about these conditions and the onerous instance where the judge didn't make an accounting rather an explanation to show why it is that there should be this lengthy period of supervision and all of the onerous conditions to boot. We would have an error that is plain in our view. We'd rely on then for the second two factors in the plain error analysis substantial impact on my client's rights rather impact on the substantial rights. The Pruden case and Haman and finally this is again for the fourth factor we've already covered this in brief and we rely on that. So if there's no waiver we'd still prevail under plain error but we think really this is a matter of de novo review under Esposito. The court has no further questions. I would reserve the balance. Thank you Mr. Hillis. Ms. Greenwald. You're muted. Ms. Greenwald you were still muted. I am not now right your honor. Right okay now. Thank you. Good morning your honors. The record does not support in any way shape or form the argument that the court imposed some kind of presumption that life had to be about default completely out of context. It makes it seem like the court made that remark and then later on and it's in the court's comments tried to fix it by referring to the 3553 comments. That is not how this record reads. The court in detail explained its basis for implying a life term of supervised release. It talked about the seriousness of the defense offense and danger to the public. The unlikelihood that the defendant would be rehabilitated during imprisonment which was the argument in position taken by his mitigation specialist that he would not receive any kind of rehabilitation during his 20 during his imprisonment. That was one of the arguments for having a shorter period of imprisonment which the court did not agree to. The likelihood that particularly on account of the defendant's autism spectrum disorder and the extensive treatment that the psychologist expert opined was required that any rehabilitation upon release would require substantial mental health treatment over an extended period of time. And the uncertainty while the psychologist psychiatrist certainly said that he was amenable to rehabilitation there was no discussion in that report as to what was going to happen because there wasn't contemplated that he'd necessarily get a 20-year sentence. They were seeking the mandatory minimum of 15 and I say 20 years because he got 26 but some of that would have been time served. But what was going to happen when he got out of prison in 20 some years after not receiving any rehabilitation during prison the court was concerned about the uncertainty as to how long that rehabilitation period would be required given the extensive it and also the need for the defendant to be subject to boundaries and restrictions to ensure the public safety. It was in the context of all of that rationale that the court in passing referenced to default indicating that the court found that the potential harm it was in the context of talking about the potential harm was too great and the rehabilitation timetable and likely unit of success two decades in the future or a substantial period of time in the future too questionable to warrant anything less than life on this record with this defendant and it was not any kind of presumption here and recently in green where which involved a similar taking a comment of the court out of context this court said it must be put in context and this court approved just the kind of risk-based analysis um in in holding upholding a lifetime term of release as to the Quinn argument your honors I feel like it's a bit of a moving target because um it to the extent defense counsel mentioned sunset conditions which of course were also were never raised below but the um the government is not suggesting that that was overruled by Kappas our point about Kappas was by the time this court faced the conditions in this case Kappas had been decided and the court very thoroughly complied with Kappas sought out any objections to these conditions there was only one condition as to travel the court addressed it explained that these restrictions were needed given the seriousness of the offense and the defendant's own mitigation specialist had said that in this supervised release period in this post-prison period he needed restrictions he maybe not these in particular but he needed um parameters to help with his rehabilitation because of his autism spectrum disorder so there was no objection over these conditions and there was no well I believe the defendant I think defense counsel misspoke I my recollection may be wrong but I think he was seeking a five-year term of supervised release not even 15 but I think um he 15 was a mandatory period of imprisonment required but I think he never argued that because of the onerous nature of these conditions um the period that was another reason for five years period of supervised release in addition um the the court realized it was imposing expressly um very extensive conditions of supervised release because the court um specifically addressed that with the defendant towards the end of sentencing saying these are onerous you need to comply with them so when he the court imposed this life term it was well aware of these conditions that again had not been for the most part objected to um were were quite onerous but they were necessary again the court stressed the danger to the public and the need for these kind of restrictions so unless the court has any questions the government would rest on its brief and ask that the sentence imposed be affirmed thank you counsel anything further mr hillis briefly judge so I don't understand how we could be taking anything out of context context here is pretty straightforward it was sentencing and the judge said that the almost default has to be lifetime supervised release that's the context so the judge makes the air under laws in under fraga under alvarado by saying that there is a presumptive punishment then goes on to explain why it thinks that lifetime supervised release should be imposed but the dye has already been used the other problem is that where the district where the government relies on green green is not a case where there's a green doesn't really have much bearing here the judge was well aware aware that the conditions were onerous and that's the moment for the judge who have having elected mr mr hillis mr hillis in your view would this case be different if the district judge instead of saying the word presumptive had said lifetime supervised release is the period recommended by the sentencing guidelines would that have made a difference well yes of course judge because then there's not a presumption it's just not clear to me that it isn't the very same thing that the judge was saying oh well can I explain because if there is a recommendation under kimbrough and all of that case law the judge could disregard or reject the advice of the commission but the judge didn't communicate that it was something that was merely advisory by the commission judge expressed that was presumptive as if it was necessary so that's an essential I must say it it seems very strange to accuse a district judge 20 years after booker of not knowing about booker or kimbrough the judge went on at some length to explain why he thought that was a why he thought life was the right time in this case I didn't see anything in the sentencing transcript that suggested that the judge was saying gee I wish I could give a lesser sentence but I don't think I can right so the difficulty with that judge is that then we would have to say that those other cases fraga alvarado kutcher and ross all were wrong too because booker had been decided and those judges would have to then know because of their experience that there's no presumptive punishment but that's not the case so with that we would ask the support to vacate thank you very much mr hillis the case is taken under advisement